UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Jeffrey Cates and Christine Cici-Cates | Bankruptcy No. 21-40882 |
| | Chapter 11 Case |
| Debtors | |

**NOTICE OF HEARING AND MOTION FOR AN ORDER APPROVING THE GRANTING OF AN EASEMENT FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

TO:   ALL PARTIES IN INTEREST

The Court will hold a hearing on the Motion on Thursday, December 15, 2022 at 10:00 a.m. before the Honorable William J. Fisher in Courtroom 2A, Warren E. Berger Federal Building, 316 N Robert St, St. Paul, MN 55110. or telephonically or by other electronic means pursuant to the order of the Court. **THE HEARING MAY BE CONTINUED BY THE COURT AT THE TIME OF THE HEARING WITHOUT ADDITIONAL NOTICE.**

1. Pursuant to Rule 9006(a) of the Bankruptcy Rules of Procedure and Local Rule 9006-1, , any response to this motion must be filed and delivered no later than December 9, 2022 which is the first business day at least five days before the hearing, including Saturdays, Sundays and holidays.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

2. This Court has jurisdiction over this motion under 28. U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this case was filed on May 17, 2021 (the "Petition Date"). This case is now

1

pending before this Court.

3. This motion arises under 11 U.S.C. § 363(b) and (f) and Bankruptcy Rule 2002(a)(2) and 6004(f)(1). The motions are filed under Bankruptcy Rules 9014 and Local Rules 2001-1(b)(2) and 9013-1 and 9013-2.

4. On September 1, 2021, Debtors and Oppidan Holdings, LLC ("Oppidan") entered into a Purchase and Sale Agreement ("APA") for the sale of certain real estate owned by the Debtors.  The APA was approved by the Honorable Kathleen H. Sanberg (now retired) pursuant to an order entered on November 9. 2021 as ECF 103.]

5. Buyer and Sellers entered into a First Amended Purchase and Sales Agreement on February 15, 2022.  The First Amended Purchase and Sale Agreement was subject to approval by the Bankruptcy Court, but the Debtor never sought approval of said agreement.

6. Debtors and Oppidan entered into a Second Amended Purchase and Sale Agreement on March 10, 2022 that modified the date of the payments under the Original Agreement but otherwise ratified the terms of the Original Agreement. The Second Amended Purchase and Sale Agreement was approved by the judge in the Bankruptcy Case pursuant to an order entered on April 5, 2022 as ECF Docket No. 167.

7. Oppidan terminated the Original Sales Agreement on May 4, 2022 because certain conditions expected by the Buyer were not met, specifically, on April 5, 2022, the Medina, Minnesota City Council did not approve the request of the Buyer to amend the Medina Comprehensive Plan to include the 67.1 Acres included in the Original Agreement, but encouraged Buyer to come back with a proposal for amendment of the Comprehensive Plan for the city of Medina with regard to the smaller 30.18 acre parcel (2575 Cates Ranch Rd a/k/a CRP No. 2).

8. A New Agreement was then entered into on May 4, 2022 between the Debtor and Oppidan.

The New Agreement with Oppidan provides that only one parcel belonging to the Cates will be sold to Oppidan for $4,501,000.00 with a closing no later than December 30,2022. That New Agreement was approved by the Court on May 31, 2022 [ECF 184].

9. An Amended New Agreement is being contemplated by the parties and is or will be filed with the Court with a delay in closing and other changes contemplated. However, both sides to the agreement are committed to seeing the sale go to closing.

10. Oppidan, the Debtor and the City have been moving forward with the sales process. Part of the sale process involved obtaining approval of an amendment to the City's comprehensive plan. Said amendment was conditionally approved by theCity at a meeting of the City Council on July 19, 2022.

11. In addition to the approval of the amendment to the Comprehensive plan, Oppidan's proposed development requires City approval of separate land use applications for rezoning, site plan, and preliminary and final plat of the Debtor's property. The final approval of the amendment to the comprehensive plan is expressly conditioned on subsequent City review and approval of these conditions.

12. A further condition is for the Debtor to provide the City the land necessary to accommodate a public lift station that will be constructed, owned, operated, and maintained by the City (the "Lift Station").

13. The Cates and the City came to an agreement on the Lift Station in September of 2022. The Debtor moved [ECF 207] and the Court approved [ECF 216] the lift station easement without objection.

14. The City has now realized that the granting of the Lift Station easement conflicts with an existing telephone easement owned by CenturyLink over the same parcel of land where the

Lift Station easement was granted. To remedy this problem, the City and CenturyLink have agreed that the existing phone easement should be moved as set out in Exhibit B to accommodate the Lift Station easement. This motion seeks to grant that amended easement to CenturyLink.

15. Pursuant to Local Rule 9013-2(a), these Motions are accompanied by a memorandum of law, proposed order, and proof of service.

## PROCEDURAL POSTURE AND MOTION

16. The Debtors filed a Plan of Reorganization on December 15, 2021 [ECF 117] followed by a First Modified Plan on December 27, 2021 [ECF 122] that was sent out for balloting and that was set for confirmation on January 27, 2022. Several parties in interest objected to the Plan's approval. All parties agreed to continue the confirmation hearing until March 22, 2022 to allow the Debtor time to formulate a new plan, re-solicit approval of that modified plan and seek consent from the currently objecting parties to the new plan. The Court agreed to the continuance. The Debtors filed and sought votes for a Second Modified Plan that had a confirmation hearing set for May 12, 2022. Based on the New Agreement, the Debtors obtained a continuation of the confirmation hearing for July 10, 2022 and filed a Third Modified Plan on July 10, 2022.

17. At the confirmation hearing on July 12, 2022, pursuant to the request of the Debtor and without objection, the Court ordered that the confirmation on the Third Modified Plan be re-set for December 15, 2022 and issued a new scheduling order detailing when the Third Modified Plan should be sent out for ballots [ECF 195 dated August, 4, 2022]. There is currently balloting ongoing on the Third Amended Plan.

18. The parties to the New Agreement and the city have been working diligently to meet all

contingencies necessary to close. One of the contingencies is the approval of the easement agreement that is the subject of the Motion.

## MOTION FOR RELIEF

27. The Debtors seek Court authorization, pursuant to 11 U.S.C. § 363(b), to allow the hearing to be heard on an expedited basis and to be allowed to provide an easement to CenturyLink as part of the obligations of the New Agreement with Oppidan Holdings. Sound business reasons exist for the approval of the Easement.

28. If testimony is necessary in connection with this Motion, Debtor may call the Debtors or David Scott, Vice-President of Oppidan, as witnesses in support of this Motion.

For the foregoing reasons, Debtor respectfully requests that the Court enter an order approving the merits of the Motion and granting such other and further relief as the Court deems appropriate.

Dated: November 21, 2022

/e/   *Kenneth C. Edstrom*
Kenneth C. Edstrom (148696)
Sapientia Law Group
120 South Sixth Street, Suite 100
Minneapolis, MN  55402
612-756-7100
kene@sapientialaw.com
Attorneys for Debtor

## VERIFICATION

I, Jeffery Cates, one of the Debtors in this Chapter 11 case declare under penalty of perjury that the facts set forth in the preceding Motion and accompanying memorandum of law are true and correct to the best of my knowledge, information, and belief and any Exhibit attached hereto is a true and correct copy of the original document.

Date: November 20, 2022

Jeffery Cates

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Jeffrey Cates and Christine Cici-Cates | Bankruptcy No. 21-40882 |
| | Chapter 11 Case |
| Debtors | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO GRANT AN EASEMENT FREE OF LIENS, CLAIMS AND ENCUMBRANCES

FACTS

The facts relevant to this memorandum are laid out in the Motion and incorporated herewith by reference.

ARGUMENT

A. The Motion Should be Granted to Assist the Debtor's Reorganization.

Bankruptcy courts routinely defer to the debtor's business judgment on most business decisions, including the decision how and when to sell assets. *See Group of Institutional Investors Chicago, Milwaukee, St. Paul & Pac. Ry. Co*., 318 U.S. 523, 550 (1943). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A*., 762 F.2d 1303, 1311 (5th Cir. 1985).

Section 363(b) of the Bankruptcy Code provides, in part, that a debtor after notice and a hearing, may sell or lease property of the estate outside the ordinary course of business. Per Rule 6004(f)(1) of the Federal Rules of Bankruptcy Procedure, all sales of assets under the bankruptcy code not in the ordinary course of business may be by private sale or by public auction.

1

In examining business justifications for a sale of a debtor's assets outside a plan of reorganization, a number of courts have relied upon the financial position of the debtor as sufficient justification. *See In re Tempo Technology Corp.*, 202 B.R. 363 (D. Del. 1996) aff'd 141 F.3d 1155 (3rd Cir.1998) (sale of substantially all of a chapter 11 debtor's assets pursuant to section 363(b) motion approved where debtor faced a severe cash shortfall and had no readily available source of capital); *In re Mulberry Corp.,* 261 B.R. 757 (Banrk. M.D. Fla. 2001) (value of assets will rapidly depreciate if not sold immediately); *Stephens Indus. Inc. v. McClung*, 789 F.2d 386 (sale justified based on the Debtor's continued losses).

B. Under the Facts of this Case, The Debtors Should be Allowed to Enter Into the Easement Agreement with CenturyLink.

The Debtors plan to pay all creditors in full from the proceeds of the sale of part of their real estate.  They can only obtain that price if they cooperate in the process laid out by the City of Medina for final approval of the change to the city's Comprehensive Plan that will allow the development contemplated by Oppidan.

The Debtor believes that a delay in agreeing to the easement will lead to a disruption of the timeline to approve the Oppidan plan and may therefore lead to a delay in the closing and the payment of the allowed claims in the case under the proposed Plan of Reorganization.

The business judgment standard used in the section of the Bankruptcy Code governing the use, sale, or lease of assets outside the ordinary course of business is flexible and encourages discretion. *In re ASARCO, L.L.C.,* 650 F.3d 593 (5th Cir. 2011).

CONCLUSION

In light of the present circumstances, concrete business justifications exist for the proposed easement. Therefore, the Debtors respectfully request that the Court grant the relief requested in the Motion.

Dated: November 21, 2022

/e/  *Kenneth C. Edstrom*
Kenneth C. Edstrom (148696)
Sapientia Law Group
120 South Sixth Street, Suite 100
Minneapolis, MN  55402
612-756-7100
kene@sapientialaw.com
Attorneys for Debtor

# Exhibit A

# Proposed Easement Agreement

1

**After recording please return to:**
CenturyLink
1025 Eldorado Blvd.
Broomfield, CO 80021

**Prepared by**:
Victoria S. Bucher, SR/WA
33 North Main Street
Winter Garden, FL  34787

### RECORDING INFORMATION ABOVE

### EASEMENT AGREEMENT

The undersigned ("Grantor)", for good and valuable consideration, the receipt and sufficiency of which are acknowledged, hereby grants and conveys to **CENTURYLINK OF MINNESOTA, INC.,** a **MINNESOTA** corporation*,* its successors, assigns, lessees, licensees, agents and affiliates ("Grantee"), having an address of 100 CenturyLink Drive, Monroe, Louisiana 71203, Attn:  Construction Service, a perpetual easement ("Easement") to construct, operate, maintain, repair, expand, replace and remove a communication system that Grantee from time to time may require, consisting of but not limited to, cables, wires, conduits, manholes, drains, splicing boxes, vaults, surface location markers, equipment cabinets and associated wooden or concrete pads, aerial lines, poles and cables, and other facilities and structures, including utility service if required to operate such system, facilities and structures (collectively, the "Facilities" over, under and across the following property located in the County of **HENNEPIN**, State of **MINNESOTA**, which Grantor owns ("Easement Tract"):

SEE THE DESCRIPTION SET FORTH ON **EXHIBIT A** ATTACHED TO, AND BY THIS REFERENCE MADE A PART OF, THIS AGREEMENT

Grantor further grants and conveys to Grantee the following incidental rights:

(1)  The right of ingress and egress over and across Grantor's lands to and from the Easement Tract; and

P843636

(2)  The right to clear all trees, roots, brush and other obstructions that interfere with Grantee's use and enjoyment of the Easement Tract.

Grantor reserves the right to use and enjoy the Easement Tract so long as Grantor's use does not materially interfere with the rights granted in this Easement Agreement.  Grantor will not erect any structure or plant trees or other vegetation within the Easement Tract and will not alter the surface or subsurface of the Easement Tract or the ground immediately adjacent to the Easement Tract by grading or otherwise excavating, without Grantee's written consent.

Grantor warrants that Grantor is the owner of the Easement Tract and will defend title to the Easement Tract against all claims.  Grantee will have no responsibility for environmental contamination unless caused by Grantee

The rights, conditions and provisions of this Easement Agreement will run with the land and will inure to the benefit of and be binding upon Grantor and Grantee and their respective successors and assigns.

Executed by Grantor this _____ day of _____, 2022.

**GRANTORS:**

By:_____
**JEFFREY S. CATES**

By:_____
**CHRISTINE T. CATES**

STATE OF **MINNESOTA**  )
                              ) ss.
COUNTY OF **HENNEPIN**   )

   The foregoing instrument was acknowledged before me this ___ day of _____, 2022, by **JEFFREY S. CATES,** married to Christine T. Cates.

My commission expires: _____

WITNESS my hand and official seal.


_____
Notary Public
                                               (SEAL)

STATE OF **MINNESOTA**         )
                                                  ) ss.
COUNTY OF **HENNEPIN**         )

      The foregoing instrument was acknowledged before me this ___ day of _____, 2022, by **CHRISTINE T. CATES**, married to Jeffrey S. Cates. .

My commission expires: _____

WITNESS my hand and official seal.


_____
Notary Public

                                                                 (SEAL)

## EXHIBIT A

<u>Legal Description of the Property</u>

Lot 3, Block 1, Cates Ranch, Hennepin County, Minnesota.

(Abstract Property)

A-1

ME230-1PZ-822932.v3

## Utility Easement Exhibit

PID: 04-118-23-11-0002
Address: 2590 Cates Ranch Dr
City of Medina, Minnesota

**Prepared by:** wsb

WSB Project No. 014877-000    Date: 9/21/2022

CITY OF MEDINA

**Labels on drawing:**

- NW CORNER OF LOT 3, BLOCK 1
- W LINE OF LOT 3, BLOCK 1
- OWNER: JEFFREY S CATES
- ADDRESS: 2590 CATES RANCH DR
- PID: 04-118-23-11-0002
- DRAINAGE & UTILITY EASEMENT PER PLAT OF CATES RANCH
- LOT 3, CATES RANCH BLOCK 1
- TELEPHONE CABLE EASEMENT PER DOC. NO. 2929202 AND AS SHOWN ON THE PLAT OF CATES RANCH
- ROAD EASEMENT PER DOC. NO. A10254796
- CATES RANCH DR
- WILLOW DR

**Bearings/Distances:**
- S01°14'42"E 799.10
- 656.10
- N88°45'18"E 130.00
- 33.84
- N88°45'18"E 95.00
- S01°14'42"E 143.00
- S01°14'42"E 85.00
- 85.00
- 24.16
- S88°45'18"W 130.00
- S88°45'18"W 95.00

**Legend:**
- PERMANENT UTILITY EASEMENT AREA = 8,075 SQ. FT.
- TEMPORARY CONSTRUCTION EASEMENT AREA = 10,515 SQ. FT.
- PARCEL LINE

Graphic Scale (feet): 0 — 200
1 inch = 200 feet

EXHIBIT B PAGE TWO- SKETCH OF REROUTED TELEPHONE EASEMENT

NW CORNER OF
LOT 3, BLOCK 1

Portion of Easement proposed to be released.

OWNER: JEFFREY S CATES
ADDRESS: 2590 CATES RANCH DR
PID: 04-118-23-11-0002

S01°14'42"E 799.10
656.10
N88°45'18"E 130.00
55.84
N88°45'18"E 95.00
S01°14'42"E 143.00
S01°14'42"E 85.00
85.00
24.16
S88°45'18"W 130.00
S88°45'18"W 95.00

DRAINAGE & UTILITY EASEMENT
PER PLAT OF CATES RANCH

LOT 3

CATES BLOCK 1 RANCH

TELEPHONE CABLE EASEMENT
PER DOC. NO. 2929202 AND AS
SHOWN ON THE PLAT OF CATES RANCH

WILLOW DR

ROAD EASEMENT
PER DOC. NO. A10254796

CATES RANCH DR

Proposed reroute of easement

PERMANENT UTILITY EASEMENT AREA = 8,075 SQ. FT.
TEMPORARY CONSTRUCTION EASEMENT AREA = 10,515 SQ. FT.
PARCEL LINE

N
Graphic Scale (feet)
0 — 200
1 inch = 200 feet

Prepared by: wsb

Utility Easement Exhibit

PID: 04-118-23-11-0002
Address: 2590 Cates Ranch Dr
City of Medina, Minnesota

WSB Project No. 014877-000    Date: 9/21/2022

CITY OF MEDINA

CERTIFICATE OF SERVICE

Under penalty of perjury, I declare that on November 21, 2022 in connection with the matter below, the following document(s) were served on the party(s) listed below in the manners indicated:

1. Notice of Hearing and Motion for Order approving Easement and for Expedited Relief;

2. Memorandum in Support of Motion and Exhibits

3. Verification

4. Certificate of service

5. Proposed Order

by ECF/EMAIL NOTIFICATION to those Registered Users of the Court's ECF Filing system and that other parties in interest will be served by US Mail through certificatesofservice.com who will file their own certificate of service.

/e/  *Kenneth C. Edstrom*

Kenneth C. Edstrom

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Jeffrey Cates and
Christine Cici-Cates

Bankruptcy No. 21-40882

Chapter 11 Case

ORDER APPROVING AN EASEMENT AGREEMENT

The Debtors' Motion for an Order Approving an Easement Agreement came on for a hearing before the undersigned on December 15, 2022. Appearances, if any, were noted the record.

Based on the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises, the Court rules as follows:

1. As to any party required to be served under Local Rule 9013-3 that was not served in accordance with Federal Rule of Bankruptcy Procedure 7004, the Court deems notice adequate pursuant to Local Rule 9029-1(b).

2. The Debtor may enter into an Easement Agreement with CenturyLink in a form substantially similar to the form attached to the Motion.

3. The easement is granted free and clear of all liens, claims, encumbrances and interests.

4. The 14-day stay set out in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived.

Date: _____

_____
William J. Fisher, Bankruptcy Judge

4880-5358-7519, v. 1

3