UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re Jeffrey Scott Cates and            Case No. 21-40882 WJF
     Christine Therese Cici-Cates

         Debtor(s).                Chapter 11, Sub. V

### NOTICE OF OBJECTION TO CLAIM

TO: A.M.E. Construction Corp.; AP Products a/k/a Architectural Products; Distinctive Iron, LLC; Floors by Beckers LLC; Granite Re, Inc.; and United Rentals, Inc.

Debtors, Jeffrey Cates and Christine Cici-Cates, have filed an objection to your claim. **<u>Your claim may be reduced, modified, or eliminated.</u> You should read the attached motion papers carefully, locate your names and claims in the objection, and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before Thursday, April 13, 2023, you or your lawyer must file a response to the motion objecting to claim attached to this notice and attend the hearing on the objection, scheduled to be held on Tuesday, April 18, 2023 at 10:00 a.m. The hearing will be conducted telephonically. Please dial 1-888-684-8852 to call in for the hearing. When prompted, enter access code: 5988550. When prompted, enter security code: 0428. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Dated: March 7, 2023                                  */s/ Alexander J. Beeby*
                                                                    Kenneth C. Edstrom (148696)
                                                                    Alexander J. Beeby (398286)
                                                                    Sapientia Law Group
                                                                    120 South Sixth Street, Suite 100
                                                                    Minneapolis, MN  55402
                                                                    612-756-7100
                                                                    kene@sapientialaw.com
                                                                    alexb@sapientialaw.com

                                                                    Attorneys for Debtors

Official Form 420B  (Notice of Objection to Claim) (12/16)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Jeffrey Scott Cates and<br>　　Christine Therese Cici-Cates | Case No. 21-40882 WJF |
| Debtor(s). | Chapter 11, Sub. V |

**DEBTOR'S NOTICE OF MOTION AND OMNIBUS MOTION OBJECTING TO CLAIMS
(A) FILED IN THE WRONG CASE OR
(B) DUPLICATIVE OR AMENDED BY SUBSEQUENTLY FILED PROOFS OF CLAIM**

TO:   ALL PARTIES ENTITLED TO NOTICE PURSUANT TO BANRKUPTCY RULE 3007(a)(2) AND LOCAL RULE 9013-3:

1. Debtors move the Court for the relief requested below and give notice of hearing.

2. **The Court will hold a hearing on this motion at 10:00 a.m. on Tuesday, April 18, 2023.** The hearing will be conducted telephonically. Please dial 1-888-684-8852 to call in for the hearing. When prompted, enter access code: 5988550. When prompted, enter security code: 0428. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

3. **Any response to this motion must be filed and served not later than Thursday, April 13, 2023**, which is the first business day at least five days before the time set for the hearing. Bankr. R. 9006(a); Local Rule 9006-1. UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. **Claimants should locate their names and claims in this objection and discuss them with your attorney, if you have one.**

5. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 157 and 1334, Bankr. R. 5005, and Local Rule 1070-1. This proceeding is a core proceeding. The petition comencing this chapter 11, subchapter V, case was filed on May 17, 2021. The case is now pending in this Court.

6. This motion arises under 11 U.S.C. § 502(b)(1) and Bankr. R. 3002. The motion is filed under Bankr. R. 9014 and Local Rules 3007-1 and 9013-3. Movant requests relief with respect to disallowance of the identified claims, as explained in more detail below.

GROUNDS

7. The following table lists claimants alphabetically, providing a cross reference to claim numbers, the category of claim, and the pages in the memorandum to this omnibus objection pertinent to the stated grounds for the objection:

| Claimant | Claim # | Category of Claim | Pages in Mem. |
|---|---|---|---|
| A.M.E. Construction Corp. | Claim 14 | Company Creditor | 2, 4 |
| AP Products a/k/a Architectural Products | Claim 18 | Company Creditor | 2, 4 |
| Distinctive Iron, LLC | Claim 7 | Company Creditor | 2, 4 |
| Floors by Beckers LLC | Claim 4 | Company Creditor | 2, 4 |
| Granite Re, Inc. | Claim 15 | Duplicative Claim | 2–5 |
| United Rentals, Inc. | Claim 3 | Company Creditor | 2, 4 |

8. The documentation for the Company Creditor Claims evidence debts incurred by J.S. Cates Construction, Inc. ("Cates Construction"), but provide no evidence of personal liability of Debtors in their individual capacity.

9. Debtors requested evidence of personal liability of Debtors from each Company Creditor and have not received any such evidence.

10. Cates Construction filed a separate bankruptcy petition, and that case is still pending before the Court as chapter 7 case number 21-40881.

11. Debtors object to the Company Creditor Claims on the basis that they have been filed in the wrong case. Bankr. R. 3007(d)(1).

12. Debtor's object to the Duplicative Claim of Granite Re, Inc. (Claim 15), as either duplicative of Claim 19 or as amended by the subsequently filed Claim 19. Bankr. R. 3007(d)(1), (3). Debtors notified Granite Re of their intent to object to the Duplicative Claim and has not received any indication that Granite Re intends to contest this objection.

13. This motion is further supported by the memorandum of law and other documents included herewith.

14. Pursuant to Local Rule 9013-2, should an evidentiary hearing be required, the movant provides notice that it may offer oral testimony from Debtor Jeffrey Scott Cates, of Medina, Minnesota, regarding the validity of these claims against this bankruptcy case.

## RELIEF REQUESTED

Accordingly, Debtors move the Court for an order in the form of the attached proposed order that

    A. Disallows Claims 3, 4, 7, 14, 15, and 18; and

    B. Provides such other relief as may be just and equitable.

Dated: March 7, 2023

*/s/ Alexander J. Beeby*
Kenneth C. Edstrom (148696)
Alexander J. Beeby (398286)
Sapientia Law Group
120 South Sixth Street, Suite 100
Minneapolis, MN  55402
612-756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

Attorneys for Debtors

## VERIFICATION

I, Jeffrey Scott Cates, Debtor named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: March 6, 2023

Jeffrey Scott Cates
Medina, Minnesota

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Jeffrey Scott Cates and<br>    Christine Therese Cici-Cates | Case No. 21-40882 WJF |
| Debtor(s). | Chapter 11, Sub. V |

MEMORANDUM IN SUPPORT OF
DEBTOR'S OMNIBUS MOTION OBJECTING TO CLAIMS
(A) FILED IN THE WRONG CASE OR
(B) DUPLICATIVE OR AMENDED BY SUBSEQUENTLY FILED PROOFS OF CLAIM

Through this motion, Debtors ask the Court to disallow two categories of claims. First, the Company Creditor Claims should be disallowed because they are for debts owed by J.S. Cates Construction, Inc. ("Cates Construction"), which has its own bankruptcy case, and Debtors bear no personal liability for these Claims. Second, the Duplicative Claim should be disallowed because it is either duplicative of Claim 19 or was amended by the subsequently filed Claim 19.

BACKGROUND

Jeffrey Cates and Christine Cici-Cates owned a general commercial and residential construction services company, J.S. Cates Construction, Inc., whose business included design and building, general contracting, and construction management services. On May 17, 2021, Cates Construction filed a Subchapter V Small Business Chapter 11 in the District of Minnesota (Bky File No. 21-40881) (the "Corporate Case") as a companion case to Jeffrey Cates and Christine Cici-Cates' Subchapter V Small Business Chapter 11 (Bky File No. 21-40882) (the "Individual Case"). Both the commercial and individual cases were assigned to Judge Sanberg and, after Judge Sanberg retired, to Judge Fisher.

The reasons for both Chapter 11 filings revolve primarily around issues of lack of payment from project owners and subcontractors as well as bond-company payment issues,

all exacerbated by the COVID-19 pandemic and the inability of claimant Medina 55, LLC and its processor, Atkinson Holdings, LLC to carry out their obligations under a contract for the sale of the Debtors' real estate.

The Company Creditors (A.M.E. Construction Corp.; AP Products a/k/a Architectural Products; Distinctive Iron, LLC; Floors by Beckers LLC; and United Rentals, Inc.) all provided products or services for Cates Construction invoiced to Cates Construction pursuant to contracts with Cates Construction. The Company Creditors each filed a proof of claim in this Individual Case. [Claim Nos. 3, 4, 7, 14, and 18.] The documents accompanying each proof of claim demonstrate that the claim is for a debt owed by Cates Construction. [*See generally*, *id.*] None of the documents accompanying the Company Creditors' proofs of claim include any personal guarantees or any other evidence that Debtors are personally liable for these debts in their individual capacity. [*Id.*] None of the Company Creditors' proofs of claim include any allegations of tortious liability or any other veil-piercing theories, and none of the Company Creditors filed any adversary proceeding objecting to discharge raising such a theory. [*Id.*] Company Creditors also have not provided any evidence of personal liability in response to Debtors' requests for such documentation.

Granite Re, Inc. ("Granite Re") was a bonding company used by Cates Construction. Unlike the Company Creditor Claims, Debtors are personally guaranteed on the claim of Granite Re. [*See* Claim 15-1.] Debtors and Granite Re settled an Adversary Action in the Corporate Case, and a stipulation pursuant to this settlement was approved in this Individual Case on August 30, 2022. [ECF No. 200.] Granite Re initially filed a proof of claim in this Individual Case on July 15, 2021, in the amount of $1,049,917.28. [Claim 15 (the "Duplicative Claim").] On October 18, 2021, Granite Re filed an amendment to Claim 15, but this amendment appeared as a new Claim 19 on the bankruptcy docket.

Granite Re has subsequently amended Claim 19 a couple of times. However, the Duplicative Claim remains on the bankruptcy docket.

The Bankruptcy Court confirmed Debtors' Fifth Modified Plan of Reorganization [ECF No. 269] on February 13, 2023. [ECF No. 275.] The confirmation order fixes the deadline to file motions objecting to proofs of claim as 30 days from the date of the confirmation order, which makes the deadline March 15, 2023. Debtors file this omnibus motion objecting to claims pursuant to 11 U.S.C. § 502(b)(1) and Bankruptcy Rule 3007(d)(1)–(3).

## DISCUSSION

The Company Creditor Claims and Duplicative Claim should be disallowed because they are each unenforceable against Debtors in their individual capacity or are duplicative of or amended by a subsequently filed proof of claim.

A "claim" is defined as a right to payment. 11 U.S.C. § 101(a)(5). A claim or interest, proof of which is filed under § 501, is an "allowed claim" if there is a right to payment as of the petition date (presuming there has been no objection to the claim). 11 U.S.C. § 502(a). Section 502(b)(1) permits the bankruptcy court to disallow a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than that because such claim is contingent or unmatured." Under 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3001(f), a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim, and an objecting party must produce substantial evidence to overcome the *prima facie* validity of the claim. *In re Gran*, 964 F.2d 822, 827 (8th Cir. 1992); *In re SendMyGift.com*, 280 B.R. 667, 674 (Bankr. D. Minn. 2002). Once the objecting party produces sufficient evidence, the burden shifts back to the claimant, who must prove the validity of its claim. *Gran*, 964 F.2d at 827; *SendMyGift.com*, 280 B.R. at 674. "At this point, the claimant must

3

satisfy the requirements of the nonbankruptcy law that originally governed the claim, as to the weight of the evidence and the burden of persuasion." *SendMyGift.com*, 280 B.R. at 674 (citing *Raleigh v. Illinois Dept. of Rev.*, 530 U.S. 15 (2000)).

I. **Company Creditor Claims were filed in the wrong bankruptcy case and are not for debts owed by Debtors in their individual capacity.**

> An officer and shareholder of a corporation cannot be held personally liable for the obligations of the corporation except in limited circumstances. These circumstances include: (1) when the corporate entity is the alter ego of the shareholder and piercing the corporate veil is necessary to avoid injustice; (2) when the officer has personally guaranteed the corporation's obligations; and (3) when the officer has actually participated in misdeeds of the corporation.

*Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 894 (D. Minn. 2013) (internal quotations and citations omitted) (applying Minnesota law).

Here, the Company Creditors' proofs of claim assert claims for debts of Cates Construction. The Company Creditors have not provided any personal guarantees of these obligations by Debtors. The Company Creditors have not asserted any allegations of personal tortious liability or veil piercing. Accordingly, Debtors are not personally liable for these obligations of Cates Construction, and the claims should have been filed in the Corporate Case instead of this Individual Case.

II. **The Duplicative Claim is duplicative of or was amended by the subsequent Claim 19.**

Bankruptcy Rule 3007(d)(1) and (3), specifically contemplate disallowing claims that are duplicative or that have been amended by subsequently filed claims. Granite Re has a single debt stemming from its payments under bonding obligations contracted with Cates Construction. This debt is further identified through a stipulation approved by this Court. Granite Re and Debtors agree that the value of this debt is $406,638.18, which is the amount stated in the latest amendment to Granite Re's Claim 19. The Duplicative Claim 15

identifies the same debt as Claim 19, albeit in a different amount. The original proof of claim for Claim 19 clearly identifies itself as an amendment to Claim 15. [Claim 19, Question 4.] Accordingly, the Duplicative Claim should be disallowed because it is now duplicative of the subsequently filed Claim 19, which amended the Duplicative Claim.

### III.  Debtors satisfied the procedural requirements for this Motion.

Claim objections have special procedural requirements under the Bankruptcy Rules and our Local Rules, and Debtors have satisfied those requirements for this Motion.

This omnibus objection was filed as a motion pursuant to Local Rule 3007-1 and is being served on all parties required by Local Rule 9013-3. In accordance with Bankruptcy Rule 3007(a), a Notice of Objection to Claim conforming with Official Form 420B accompanies this Motion, and all of these documents are being served at least 30 days before the scheduled hearing, including by first-class mail to the persons most recently designated on the claimants' proofs of claim.

Bankruptcy Rule 3007(d) specifically permits omnibus claim objections for several grounds, relevantly including the grounds that:

> (1) they duplicate other claims;
>
> (2) they have been filed in the wrong case;
>
> (3) they have been amended by subsequently filed proofs of claim; . . . .

Pursuant to Bankruptcy Rule 3007(e), for omnibus objections, the Notice of Objection to Claim and the notice of motion and motion each state, in bold on the first page, that claimants should locate their names and claims in the objection and discuss with an attorney if they have one. Bankr. R. 3007(e)(1). The notice of motion and motion also provides a table listing the claimants alphabetically with a cross-reference to claim numbers, category of claims, and pages in the omnibus objection pertinent to the grounds

for objection. Bankr. R. 3007(e)(2)–(3). Immediately following this table, the motion states the grounds of the objection as to each claim by category. Bankr. R. 3007(e)(3). The title of the motion identifies Debtors as the objectors and the general reasons for the objections included in this omnibus objection. Bankr. R. 3007(e)(4). There are no other omnibus objections filed by Debtor, and this omnibus objection only contains objections to six claims. Bankr. R. 3007(e)(5)–(6).

## CONCLUSION

Based on the foregoing, Debtors respectfully request that the Court disallow the Company Creditor Claims and the Duplicate Claim.

Dated: March 7, 2023

*/s/ Alexander J. Beeby*
Kenneth C. Edstrom (148696)
Alexander J. Beeby (398286)
Sapientia Law Group
120 South Sixth Street, Suite 100
Minneapolis, MN  55402
612-756-7100
kene@sapientialaw.com
alexb@sapientialaw.com

Attorneys for Debtors

## UNSWORN CERTIFICATE OF SERVICE

Under penalty of perjury, I declare that on March 7, 2023, in connection with the matter below, the following document(s) were served on the party(s) listed below in the manners indicated:

Re:    In re Jeffrey Scott Cates and Christine Cici-Cates, Bankr. No. 21-40882

1. Notice of Objection to Claim (Official Form 420B);
2. Debtor's Notice of Motion and Omnibus Motion Objecting to Claims (a) Filed in the Wrong Case or (b) Duplicative or Amended by Subsequently Filed Proofs of Claim;
3. Verification of Jeffrey Scott Cates;
4. Memorandum in Support of Debtors' Omnibus Motion Objecting to Claims (a) Filed in the Wrong Case or (b) Duplicative or Amended by Subsequently Filed Proofs of Claim;
5. This Unsworn Certificate of Service; and
6. (Proposed) Order.

Through ECF Service on those Registered Filers who are entitled to electronic service and upon all other parties in interest through the use of certificateofservice.com who shall file their own certificate of service.

/s/ Alexander J. Beeby
Alexander J. Beeby

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Jeffrey Scott Cates and<br>    Christine Therese Cici-Cates | Case No. 21-40882 WJF |
| Debtor(s). | Chapter 11, Sub. V |

### ORDER

This matter came before the Court on Debtors' Omnibus Motion Objecting to Claims (a) Filed in the Wrong Case or (b) Duplicative or Amended by Subsequently Filed Proofs of Claim. Based on the Motion and the record in this matter, the Court finds that grounds exist to warrant relief.

IT IS ORDERED:

1. Claims 3, 4, 7, 14, 15, and 18 are DISALLOWED pursuant to 11 U.S.C. § 502(b)(1). Nothing in this Order should be interpreted as affecting the validity of Claim 19, except to remove any duplication of Claim 19.

2. As to any party required to be served under Local Rule 9013-3 that was not served in accordance with Federal Rule of Bankruptcy Procedure 7004, the Court deems notice adequate pursuant to Local Rule 9029-1(b).

Dated:

William J. Fisher
United States Bankruptcy Judge

4860-0859-5283, v. 1