# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re: Jeffery Cates and Christine Cici-Cates

Bankruptcy No. 21-40882
Chapter 11 Case

Debtors

## DECLARATION OF DAVID SCOTT IN SUPPORT OF
## DEBTORS' RESPONSE TO MEDINA 55'S MOTION IN LIMINE

David Scott, General Counsel and Executive Vice-President of Oppidan Holdings, LLC ("Oppidan") in support of and in explanation of the Debtors' Response to Medina 55's Expedited Motion to Exclude Witnesses and Evidence, states the following under penalty of perjury:

1. Oppidan has been in the real estate development business for over 30 years.

2. I have worked at Oppidan for the past 16 years.

3. Throughout my time at Oppidan, I have participated in the development of hundreds of real estate development projects, including vetting and negotiating the purchase and sale of properties for development. As a result, I have direct experience and familiarity with the price and conditions at which a reasonable buyer would agree to purchase properties for development.

4. I have been involved on Oppidan's part throughout the negotiations for the purchase of Debtors' properties by Oppidan and have first-hand knowledge about the various purchase agreements between Debtors and Oppidan and the price and conditions under which Oppidan agreed to purchase Debtors' property.

5. Throughout my time at Oppidan, I also have participated in the development of hundreds of real estate development projects, including obtaining government approvals for the

1

development of properties. As a result, I have direct experience and familiarity with the good faith efforts that are required to obtain government approvals for property development, including changes to city comprehensive plans and rezoning of properties.

6. I have been involved on Oppidan's part throughout and have first-hand knowledge of Oppidan's good faith efforts to obtain the government approvals from the City of Medina for the development of Debtors' properties, including obtaining amendments to the City of Medina Comprehensive Plan and rezoning of Debtors' property.

7. Debtors and Oppidan are on track and fully expect to close on the purchase of CRP No. 2 around May of 2023.

8. Oppidan and Debtors have no agreement for Oppidan to pay for Debtors' litigation in objecting to Medina 55's claim in Debtors' bankruptcy.

9. Oppidan and Debtors have no agreement for Oppidan to pay any more or less to Debtors based on the outcome of Debtors' objection to Medina 55's claim.

10. I also have no direct pecuniary interest in the outcome of Debtors' objection to Medina 55's claim.

Dated: March 13, 2023

_____
David Scott for Oppidan Holdings, LLC

4841-7604-7614, v. 1