UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Jeffrey Scott Cates and | Case No. 21-40882 WJF |
| Debtor(s). | Chapter 11, Sub. V |

DECLARATION OF ALEXANDER J. BEEBY IN SUPPORT OF
DEBTORS' RESPONSE TO MEDINA 55'S MOTION IN LIMINE

Alexander J. Beeby, to the best of his knowledge and belief, states the following under penalty of perjury:

1. I am an attorney duly licensed to practice law and admitted to practice before the state and federal courts of Minnesota and am an attorney in good standing, practicing with the firm Sapientia Law Group PLLC, 120 South Sixth Street, Suite 100, Minneapolis, Minnesota 55402.

2. I am an attorney for Debtors Jeffrey Scott Cates and Christine Therese Cici-Cates in this matter and am qualified to testify as to the issues contained herein, based on my personal first-hand knowledge.

3. Attached as **Exhibit A** is a true and accurate excerpt of select pages from Debtors' Responses to Claimant Medina 55's Interrogatories, dated November 7, 2022.

4.  Attached as **Exhibit B** is a true and accurate copy of an email string between

counsel for Debtors and counsel for Medina 55, dated February 27–28, 2023.


Dated: March 13, 2023                                  *s/ Alexander J. Beeby*
                                                       Alexander J. Beeby

EXHIBIT A

EXCERPT FROM
DEBTORS' RESPONSES TO CLAIMANT MEDINA 55'S INTERROGATORIES,
DATED NOVEMBER 7, 2022

**In general, see all emails provided in response to Document Requests which identify those individuals involved with these topics.**

**INTERROGATORY NO. 3:** Identify and describe any and all efforts made by or known to You relating to satisfaction of the contingencies and due diligence obligations contained in the Purchase Agreement, Oppidan Contract and New Oppidan Contract, including, but not limited to, obtaining any approvals from the City Council of the City of Medina, Minnesota, or any other governmental bodies or authorities, for the future development of any of the Property.

**ANSWER:**

We had continual discussions with Oppidan concerning their due diligence which began immediately after the execution of the September 1, 2021 Oppidan contract.  In general see all emails produced between us and Oppidan.

**INTERROGATORY NO. 4:** Identify all persons that expressed an interest in purchasing any of the Property from January 2018 to present, including but not limited to Oppidan, and describe the date and time such interest or offer was expressed and nature of their interest, if any offers were made, the amount of the offer, and the documents and communications related to each interest and offer.

**ANSWER:**

See Documents produced:


August 2, 2021 Jeff received an email from Don Edam, Realtor with Engel & Volkers stating he had a investor/developer out of Chicago who was interested.

August 15, 2021  Email received from Jay Moore, Oppidan.  Very interested in pursuing our land.

August 18, 2021  Email received from Don Edam, Engels & Volker.  Chicago investors like the site and the investment and described what they required in the email.

 August 24, 2021 Email received from Jay Moore, Oppidan.  Purchase agreement today or tomorrow as we discussed yesterday.

August 27, 2021  Email received from Mike Breese, Pinpoint Group investor, Chicago Group. He commented sympathetically on our purchase agreement and had choice words regarding Robert Atkinson's character.  Chicago group was interested in helping us get out of our situation with Atkinson if we signed a deal with them.

September 1, 2021  Email received from Jay Moore regarding the executed purchase agreement.

3

September 15, 2021  Email received from Oppidan regarding earnest money.

**INTERROGATORY NO. 5:** Identify all persons whom you have considered, contacted, or plan to call as a witness in any upcoming hearings in this matter.

**ANSWER:**

No decision has been made but likely Debtors, Robert Atkinson and Rose Lursong.

**INTERROGATORY NO. 6:** Identify any and all statements, allegations, claims or defenses in Claimant's Response which You dispute and describe in detail the communications, documents, and factual basis supporting Your contention that such matters are disputed.

**ANSWER:**

Our business relationship began in 2018 with Robert Atkinson when we received a letter of intent on September 5, 2018 for the properties called CRP #2 and CRP #3. This letter of intent indicated that CRP#3 had a stipulation that "Buyer will be granted a right of first refusal, for a period of 3 years from the date of closing" to purchase.  The plan discussed was to close on the first parcel once the necessary governmental approvals and other due diligence items were taken care of and then the second parcel within 3 years.

We entered this agreement in good faith and trusted Robert Atkinson.  He had a vision that we agreed with for our property.  Never did we think it would drag out 3 years with nothing to show but a lot of emails, phone calls, empty promises and our missed opportunity to cash in on our property value and forced into bankruptcy.

In early February 2019 it was discussed that we go to the city council meeting to make a formal objection about the final approval of the Comprehensive Plan.  Rose Lorsung coached Jeff on what to say to the council.  After that meeting we felt positive about the team in place and that there was a plan in place to move forward on the due diligence and get the Comprehensive Plan Amendment application submitted. Rose Lorsung researched and found information regarding a legal settlement allowing the Comp Plan Amendment to be approved. Robert Atkinson said he would immediately schedule a time for all of us to meet with the Mayor.  He agreed with Jeff's email dated 02/13/2019 stating we should expedite the comp plan change.

February 26, 2019 Jeff sent an email with a reminder of the Planning Commission meeting coming up and wanted to know if anything would be presented.  Rose Lorsung answered with a long detailed explanation about their process and that our very best position is to go down the road with their development plan.

March 4, 2019  Jeff inquired if there would be an application submitted for the  March 9, 2019 meeting and Rose Lorsung replied "too short notice".

4

## EXHIBIT B

## EMAIL STRING BETWEEN
## COUNSEL FOR DEBTORS AND
## COUNSEL FOR MEDINA 55,
## DATED FEBRUARY 27–28, 2023

## Alex Beeby

| | |
|---|---|
| **From:** | Will R. Tansey <wrtansey@ravichmeyer.com> |
| **Sent:** | Tuesday, February 28, 2023 3:44 PM |
| **To:** | Ken Edstrom; Ted Wagor |
| **Cc:** | Alex Beeby |
| **Subject:** | RE: Witnesses unavailable |

We don't agree to attend any trial deposition or that they will be available for evidence. We are not available those days. You told us and the court those March days worked and you never disclosed Oppidan witnesses as potential during discovery. You refused to accommodate our request and now make a later and more problematic request. You knew Bigos wasn't here from the beginning.

Will Tansey
(612) 317-4760

---

**From:** Ken Edstrom <kene@sapientialaw.com>
**Sent:** Tuesday, February 28, 2023 3:35 PM
**To:** Ted Wagor <tcwagor@ravichmeyer.com>
**Cc:** Alex Beeby <alexb@sapientialaw.com>; Will R. Tansey <wrtansey@ravichmeyer.com>
**Subject:** RE: Witnesses unavailable

Ted and Will

I appreciate the heads up, but no, we won't agree to any of your conditions.  In our opinion your motion sounds desperate, will be viewed by the court that way and won't be granted but that of course is up to you.  We'll respond to the motion of course but in the meantime, I'm going to schedule the trial deposition of one of the Oppidan witnesses for the week of March 6.  Let me know if there are dates/times that you are not available.

**Kenneth C. Edstrom***
Attorney

*Admitted in Minnesota and Arizona
 Board Certified in Business Bankruptcy by the ABC since 2000



Kenneth C. Edstrom
120 South Sixth Street, Suite 100 | Minneapolis, MN 55402
**Office:** 612.756.7108
**Cell**: 612.759.3631
**f:** 612.756.7101
**kene@sapientialaw.com**
 **My pronouns are he, him and his**
www.sapientialaw.com



## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**From:** Ted Wagor <tcwagor@ravichmeyer.com>
**Sent:** Tuesday, February 28, 2023 2:58 PM
**To:** Ken Edstrom <kene@sapientialaw.com>
**Cc:** Alex Beeby <alexb@sapientialaw.com>; Will R. Tansey <wrtansey@ravichmeyer.com>
**Subject:** RE: Witnesses unavailable

Hello Ken,

Medina 55 was planning on filing an expedited motion in limine later this week to exclude the Oppidan witnesses for a number of reasons.  Mainly, their testimony is not relevant to any facts in dispute.  Their only potentially relevant testimony as to a fact in dispute is the valuation of the Property, but (1) their 9.1.21 Purchase Agreement speaks for itself in that regard, (2) the Court already made a finding and determination as a matter of law that the fair market value of the Property, as of 11.9.21, was the 9.1.21 Oppidan Purchase Agreement amount (Dkt. No. 103); (3) in their verified motion dated 9.8.2, Debtors testified that the FMV of the Property was the same as the 9.1.21 Oppidan Purchase Agreement Amount, and are therefore subject to judicial estoppel; and (4) Debtors never gave us notice that they intended to call anyone from Oppidan, as their interrogatory answers were never supplemented in that regard and Oppidan failed to provide a good faith response to our subpoena. Their testimony is irrelevant, subject to judicial estoppel, prejudicial, a waste of judicial resources and would only serve to confuse the issues in dispute.

That said, however, we'd be willing to work with the Debtors, and forego our motion in limine (but not the objections), either by agreeing to trial depositions or allowing the Oppidan witness to appear by Zoom, IF Debtors agree to allow Mr. Atkinson's deposition to be used for trial or allow him to appear by zoom.  We think this is fair given the circumstances.

Please let us know if you guys are willing to agree to these mutual accommodations as soon as possible, as we'll both have to file motions in short order if not.

Thanks,
TED C. WAGOR, ESQ.
O: 612.317.4742
M: 612.875.3657

# RAVICH MEYER

RAVICH MEYER KIRKMAN MCGRATH NAUMAN & TANSEY, P.A.
150 SOUTH FIFTH STREET, SUITE 3450
MINNEAPOLIS, MN  55402
WWW.RAVICHMEYER.COM

**From:** Ken Edstrom <kene@sapientialaw.com>
**Sent:** Monday, February 27, 2023 1:48 PM
**To:** Ted Wagor <tcwagor@ravichmeyer.com>; Will R. Tansey <wrtansey@ravichmeyer.com>

**Cc:** Alex Beeby <alexb@sapientialaw.com>
**Subject:** Witnesses unavailable

Both of our Oppidan witnesses are unavailable on the 22nd and the 23rd. I propose that we set a trial deposition sometime in the next couple of weeks for Dave Scott, let me know if you agree with this procedure, thanks.

KCE

**Kenneth C. Edstrom\***
Attorney

\*Admitted in Minnesota and Arizona
  Board Certified in Business Bankruptcy by the ABC since 2000



Kenneth C. Edstrom
120 South Sixth Street, Suite 100 | Minneapolis, MN 55402
**Office:** 612.756.7108
**Cell**: 612.759.3631
**f:** 612.756.7101
**kene@sapientialaw.com**
 **My pronouns are he, him and his**
www.sapientialaw.com



## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.